```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/05/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM LANIER,

                  Movant,

-against-

UNITED STATES OF AMERICA,

                  Respondent.

18-CV-8220 (VEC)

15-CR-0537-8 (VEC)

**ORDER**

VALERIE CAPRONI, United States District Judge:

    WHEREAS Mr. Kareem Lanier has been convicted of two violations of 18 U.S.C. § 924(c)(1)(A)—one for the use of a firearm in furtherance of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count I of Superseding Information S25), and one for the use of a firearm in furtherance of an attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count II), No. 15-CR-537, Dkt. 1235;

    WHEREAS Mr. Lanier has filed a petition pursuant to 28 U.S.C. § 2255, contending that his § 924(c) convictions should be vacated because murder in aid of racketeering and attempted murder in aid of racketeering are each no longer a "crime of violence" following the Supreme Court's invalidation of 18 U.S.C. § 924(c)(3)(B),[1] otherwise known as the residual clause, No. 15-CR-537, Dkt. 1295;

    WHEREAS Mr. Lanier contends that his counsel's failure to raise such arguments constituted ineffective assistance, *id.*;

    WHEREAS the Government has opposed Mr. Lanier's petition, arguing that murder and attempted murder in aid of racketeering each qualify as a "crime of violence" under 18 U.S.C.

---

[1] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) ("We agree with the court of appeals' conclusion that § 924(c)(3)(B) is unconstitutionally vague."); *see also United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019).

§ 924(c)(3)(A), otherwise known as the force clause, which remains in effect, No. 15-CR-537, Dkt. 1325 at 4;

WHEREAS the predicate murder offenses are premised on New York Penal Law, *see* Hearing Tr. (June 12, 2017) (Dkt. 1269) at 13;

WHEREAS the Second Circuit has recently held that manslaughter in the first degree under New York law, which is the infliction of death with the intent to cause serious physical injury, is not a "crime of violence" because the offense can be committed via omission[2];

WHEREAS murder under New York Penal Law is the infliction of death with the intent to kill[3]; and

WHEREAS there may be a plausible argument that intentional murder is not a crime of violence under *Scott*;

IT IS HEREBY ORDERED that the Government must work with the CJA office to promptly identify a member of the habeas panel who is available to be appointed to represent Mr. Lanier for purposes of his Section 2255 petition. Once such counsel has been identified, the Government should notify chambers via email, so that an appointment order can be issued. Mr. Lanier's amended petition is due by **July 17, 2020**. The Government's response shall be due by **August 7, 2020**. Mr. Lanier's reply is due by **August 21, 2020**. Among any other issues that the

---

[2] *See* N.Y. Penal Law § 125.20 ("A person is guilty of manslaughter in the first degree when . . . [w]ith intent to cause serious physical injury to another person, he causes the death of such person or of a third person."); *United States v. Scott*, 954 F.3d 74, 78 (2d Cir. 2020) ("We hold that the district court properly concluded that New York first-degree manslaughter is not a predicate crime of violence because it can be committed by complete inaction and therefore without the use of force.").

[3] *See* N.Y. Penal Law § 125.25 ("A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person or of a third person.").

parties find appropriate, the briefing should address whether intentional murder under New York law can be committed via complete inaction and the likelihood of such prosecution.

A copy of this Order has been mailed to Mr. Lanier by chambers.

**SO ORDERED.**

Dated: June 5, 2020
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**